## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LAUREN LANDRY**                                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 12-2489**

**MICHAEL J. ASTRUE, COMMISSIONER**                                 **SECTION "C" (3)**
**SOCIAL SECURITY ADMINISTRATION**

### REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of

the Commissioner denying her application for child's insurance benefits ("CIB") under Title II of

the Social Security Act ("SSA") and supplemental security income benefits ("SSI") under Title XVI

of the SSA.  The matter has been fully briefed on cross-motions for summary judgment and is ripe

for review.  For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary

judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be

DISMISSED WITH PREJUDICE.

### I.      BACKGROUND

Plaintiff filed an application for CIB and SSI on August 10, 2010 and September 1, 2010,

respectively, alleging a disability onset date of November 1, 1992. (Adm. Rec. at 13, 78-81).[1]

Plaintiff alleged disability due to emotional problems and her status as a "slow learner." (*Id.* at 95).

---

[1]       The Application Summary for Supplemental Security Income is dated August 10, 2010,
and this Court finds no record of an application for child's insurance benefits.  Because
the parties agree on – and the ALJ did not dispute – these two dates, the Court assumes
that they are correct.

Plaintiff, born on August 25, 1992, was less than a year old on the date on which she alleged disability and 18 years old at the time of the final administrative decision. (*Id.* at 78). Plaintiff has an eleventh-grade education and no past relevant work experience. (*Id.* at 177-78).

Defendant initially denied plaintiff's applications on December 29, 2010. (*Id.* at 23-44). Plaintiff sought an administrative hearing, which defendant held on April 18, 2011. (*Id.* at 341-71). Plaintiff, her mother, Betty Landry, and a vocational expert ("VE"), Cindy Harris, testified at the hearing.

On August 5, 2011, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff did not meet the definition of disability through the date of the decision. (*Id.* at 13-20). In the decision, the ALJ concluded that plaintiff has the severe impairments of borderline intellectual functioning and affective disorder. (*Id.* at 15). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.*). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c), which allows for work with data/objects rather than people with occasional contact with co-workers and the general public. (*Id.* at 16). Given that plaintiff has no past relevant work, he concluded that she is able to perform work as a housekeeper, dishwasher and stock clerk. (*Id.* at 19). The ALJ thus denied plaintiff's application for CIB and SSI. (*Id.* at 20).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 21). On September 21, 2012, the Appeals Council denied plaintiff's request. (*Id.* at 4-7). Plaintiff then timely filed this civil action.

## II.  STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992).  Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.

*Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.   ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995).   The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step

procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work

history.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence."  *Id*.

## IV.    ISSUES ON APPEAL

There are two issues on appeal:

(1)    Whether substantial evidence supports the ALJ's conclusion that plaintiff's mental impairments do not meet Listing 12.04.

(2)    Whether the ALJ properly analyzed the combined effect of plaintiff's impairments.

## V.    ANALYSIS

**1.    Whether substantial evidence supports the ALJ's conclusion that plaintiff's mental impairments do not meet Listing 12.04.**

At step three of the sequential evaluation process, the ALJ concluded that plaintiff's impairments did not meet or equal Listing 12.04.  (*Id.* at 15).  Plaintiff argues that the ALJ did not properly assess her impairments at step three.  Specifically, plaintiff contends that a report attached to her memorandum in support by her treating psychiatrist, Daren Parsa, M.D., supports her argument because Parsa diagnosed her with bi-polar disorder, impulse control disorder, borderline intellectual functioning and marked restrictions in activities of daily living, social functioning, maintaining concentration persistence and pace and repeated episodes of decompensation. Notwithstanding Parsa's report, the Court finds that substantial evidence supports the ALJ's assessment at step three, and he followed the proper legal standards when evaluating plaintiff's mental impairments under the criteria of Listing 12.04.

A claimant meets the criteria of Listing 12.04 (affective disorders) when the criteria of paragraphs "A" and "B" are satisfied. 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.04. The

6

requirements of paragraph "B" for each of these three listings are met when a claimant's impairments result in at least two of the following: (1) marked restriction of activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. *See id.* At step three, the ALJ concluded that the requirements of Listing 12.04 were not met or equaled because (among other reasons) plaintiff had only mild restrictions in activities of daily living, moderate difficulties in social functioning, and moderate difficulties in concentration, persistence or pace. (Adm. Rec. at 16). Substantial evidence supports these conclusions.

At the July 5, 2011 hearing, plaintiff testified that she had many friends and that she enjoyed playing on the computer and attending school. (*Id.* at 18, 357). At the time of the ALJ's decision, plaintiff was working towards her General Education Degree ("GED") and received Louisiana Rehabilitative Services in hopes of attending full-time employment. (*Id.* 18). In addition, the responses on the "Teacher Questionnaire" dated September 23, 2010 indicate that plaintiff had no serious problems acquiring and using information or attending and completing tasks, as well as no problems whatsoever interacting and relating with others, moving about and manipulating objects, and caring for herself. (*Id.* at 208-212). To meet a listing, a claimant must meet all of the specified criteria. *See Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). This evidence supports the ALJ's conclusion that plaintiff suffers only mild restrictions in activities of daily living, moderate difficulties in social functioning, and moderate difficulties in concentration, persistence

or pace.

Plaintiff argues that the results of Dr. Lynn Guidry's psychological evaluation supports her claim that her impairments meet the requirements of Listing 12.04. However, she fails to explain how Guidry's evaluation corresponds to the requirements of Listing 12.04. Indeed, far from ignoring Guidry's evaluation, the ALJ specifically analyzed such evaluation and gave it weight as consistent with other medical evidence of record. (*Id.* at 18, 303-309). Concomitant with the weight given to Guidry's report, the ALJ found plaintiff's borderline intellectual functioning was a "severe" impairment and formulated an RFC assessment that limits her to work with data/objects rather than people with only occasional contact with co-workers and the general public. (*Id.* at 15-16). Far from assessing plaintiff as disabled, Guidry actually concluded that plaintiff may benefit from vocational assessment, counseling, training, and possible job placement. (*Id.* at 308). As the Supreme Court has noted, the purpose of the listings is to streamline the disability evaluation process by identifying those impairments so severe that they would always result in disability. *See Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). That is not the case here.

As noted above, plaintiff also attaches to her memorandum in support a "psychiatric report" by Daren Parsa, M.D., dated February 6, 2013. [Doc. #16-2, pp. 1-4]. It is undisputed that Parsa's February 2013 report was not included in the certified administrative transcript. Indeed, it did not exist at the time of the ALJ's August 5, 2011 decision. The ALJ's decision issued August 5, 2011, and Parsa did not even create the report until February 2013. This Court's review is limited to the certified administrative record before the ALJ at the time he rendered his decision. *See* 42 U.S.C. § 405(g). In an attempt to justify submission of this out-of-record document, plaintiff argues that

8

Parsa's February 2013 report should be considered "new and material evidence." However, plaintiff does not even state the legal standard for consideration of newly submitted documents.  This Court can not issue factual findings on new medical evidence; its review is limited to determining whether to remand for consideration of the newly presented evidence. *See Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  The Court must thus consider whether Parsa's report warrants remand here.

In the Fifth Circuit, to justify remand, "evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a period proceeding." *Leggett v. Chater*, 67 F.3d 558, 566-67 (5th Cir. 1995) (declining to remand case for consideration of new evidence consisting of evaluations by psychiatrists). Although Parsa's evaluation is "new," plaintiff fails to demonstrate that the report is "material," and neither has she shown "good cause" for failure to incorporate the evidence at the administrative level.  Plaintiff asks only that the Court consider Parsa's report as "New and Material Evidence."  [Doc. #14-1 at p. 3]. With respect to materiality, new evidence must relate to the relevant time period rather than a later-acquired disability or a subsequent deterioration of a previously non-disabling condition. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994). Here, although the report does not indicate when Parsa began his treatment of plaintiff, it lists December 10, 2012 as the most recent treatment date – approximately 16 months after the date of the ALJ's decision. [Doc. #14-2, p. 2]. Accordingly, Parsa's report does not pertain to the relevant time period.

And plaintiff wholly fails to raise any argument with respect to the "good cause" requirement. "The fact that psychiatric exams were not administered during the administrative proceedings is insufficient to establish good cause for remand; the absence of such tests only raises

9

the issue of whether the ALJ initially should have ordered such an examination." *Leggett*, 67 F.34d at 567. Plaintiff only perfunctorily asks that the Court remand the case and does not even argue that the ALJ should have ordered an examination such as Parsa's.  Plaintiff mentions only that Guidry's report is similar to Parsa's.  These arguments do not meet the criteria needed for remand under Fifth Circuit precedent.  The Court finds that remand is not warranted here, and substantial evidence supports the ALJ's conclusion that plaintiff's mental impairments do not meet Listing 12.04.

> 2. **Whether the ALJ properly analyzed the combined effect of plaintiff's impairments.**

Plaintiff also – in a highly conclusory fashion – contends that there is "no analysis" of the combined effect of her impairments. Specifically, in a two-sentence argument, plaintiff maintains that the ALJ failed to consider the combined impairments of borderline intelligence, major depression, bi-polar disorder, impulse control disorder, and histrionic personality disorder. Plaintiff's implication that the ALJ was required to explicitly recite specific diagnoses misses the mark.  Rather, an RFC assessment "is what an individual can do despite his or her limitations. RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."  Social Security Ruling 96-8p, 1996 WL 374184 at *2. Here, the ALJ performed a thorough analysis of the functional limitations imposed by plaintiff's impairments (borderline intellectual functioning and affective disorder) and formulated an RFC assessment for work at the

medium exertional level, further limited by work with data/objects rather than people, with only occasional contact with co-workers and the general public. (Adm. Rec. at 16-18). Plaintiff wholly fails to specify what further restrictions, if any, she would have the ALJ impose.  This argument is without merit.

## VI.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 5th day of September, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**