UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAUREN LANDRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2489** |
| **MICHAEL J. ASTRUE,** **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION "C" (3)** |

### ORDER AND REASONS

Before the Court is the Magistrate Judge's Report and Recommendation [Rec. Doc. 21], on the parties' cross-motions for summary judgment [Rec. Docs. 16, 20]. Having considered the petition, the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto [Rec. Doc. 22], the Court hereby approves the Magistrate Judge's Findings and Recommendation and adopts it as its opinion, as added to and modified below.

The plaintiff objects to the Magistrate Judge's alleged failure to consider and order appropriate relief based on a report submitted by Dr. Daren Parsa [Rec. Doc. 16-2, p. 1-5]. The Magistrate Judge correctly noted that the report, created well after the Administrative Law Judge ["ALJ"] rendered his benefits determination, could only warrant a remand for additional findings of fact. The Magistrate Judge further noted correctly that the standard for remand in review of adverse benefit determinations is the presentation of new, material evidence, with good cause shown for failure to incorporate the evidence into the record of the prior proceeding. *Leggett v. Chater*, 67

F.3d 558, 567 (5th Cir. 1995). Materiality has a timing element, which requires that the new evidence relate to the time period for which benefits were denied. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir.1985). In this case, the ALJ denied benefits for the period beginning at the claimed date of onset, November 1, 1992, and ending on the date of its decision, August 5, 2011. Rec. Doc. 11, p. 22.

The Magistrate Judge concluded that Dr. Parsa's report failed to meet the timing requirement because, "although the report does not indicate when Parsa began his treatment of plaintiff, it lists December 10, 2012 as the most recent treatment date - approximately 16 months after the date of the ALJ's decision." Rec. Doc. 21, p. 9. The Plaintiff argues that this determination was erroneous because record documents indicate that Dr. Parsa had already begun treatment of the plaintiff on June 9, 2011 - within the period for which benefits were denied. Rec. Doc. 22, p. 2.

The plaintiff nevertheless fails to satisfy the requirements for remand. The record document that shows that Dr. Parsa began treatment while plaintiff's benefits application was pending is a letter by Dr. Parsa listing diagnoses - mood disorder not otherwise specified, impulse control disorder not otherwise specified, and borderline intellectual functioning - and treatment regimen - prescription medicine and counseling. Rec. Doc. 11, p. 315. The ALJ had access to this information in reaching his decisions and elicited information from the plaintiff and her mother about her medication and care under Dr. Parsa. Rec. Doc. 11, p. 362. Moreover, the Appeals Council reviewed additional records relating to the plaintiff's care under Dr. Parsa, dating back to before the ALJ reached a decision, and determined that the records did not "provide a basis for changing the [ALJ's] decision." Rec. Doc. 11, p. 7.

The plaintiff now argues that Dr. Parsa's December 10, 2012 evaluation [Rec. Doc. 16-2]

constitutes new, material evidence, the omission of which was justified by good cause. However, to the extent that the evaluation provides new information about the plaintiff's condition, it lends itself to the interpretation that the symptoms referred to are "the result of the deterioration of a condition that was not previously disabling." *Leggett*, 67 F.3d at 567. Dr. Parsa's diagnoses expanded from what was listed in his June 9, 2011 letter, to include bipolar disorder not otherwise specified. The plaintiff's drug treatment regimen also changed to include 200 mg of Seroquel daily. The plaintiff's counseling regimen also changed and/or intensified.

In light of the foregoing, the ALJ cannot be blamed for his failure to consider a synergy of psychiatric conditions that include bipolar disorder in determining whether the plaintiff was disabled. There was no bipolar diagnosis for the ALJ to consider. This fact forecloses any merit to the plaintiff's claims for relief under 42 U.S.C. § 405(G).

Accordingly,

**IT IS ORDERED** that the Magistrate's Report and Recommendation [Rec. Doc. 21] is ADOPTED and MODIFIED as described above.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment is GRANTED, the Plaintiff's Motion for Summary Judgment is DENIED and that the plaintiff's complaint be and is hereby DISMISSED.

New Orleans, Louisiana, this 11th day October, 2013.

**UNITED STATES DISTRICT JUDGE**